[873 NYS2d 136]

In the Matter of PETER A. TAKVORIAN (Admitted as PETER ANDREW TAKVORIAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 3, 2009

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

*Richard M. Maltz*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The respondent is aware that he is the subject of a pending disciplinary proceeding alleging, inter alia, that, on several occasions, he engaged in the unauthorized practice of law while suspended as noted in the charges. He acknowledges his inability to successfully defend himself on the merits against such charges.

The respondent avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. Moreover, respondent specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition.

The Grievance Committee recommends acceptance of the proffered resignation.

Inasmuch as the respondent's resignation is in full compliance with this Court's rules, it is accepted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The disciplinary proceeding previously authorized by the decision and order

on application of the Court dated July 11, 2008 must be discontinued in light of this resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the resignation of Peter A. Takvorian, admitted as Peter Andrew Takvorian, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter A. Takvorian, admitted as Peter Andrew Takvorian, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter A. Takvorian, admitted as Peter Andrew Takvorian, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter A. Takvorian, admitted as Peter Andrew Takvorian, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Peter A. Takvorian, admitted as Peter Andrew Takvorian, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated July 11, 2008 is discontinued.